## Pettit *v.* Civil Service Commission.

Argued November 9, 1971, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Samuel T. Swansen,* with him *Bernard A. Ryan, Jr.,* and *Dechert, Price & Rhoads,* for appellant.

*Sidney V. Blecker,* Assistant Attorney General, with him *Marx S. Leopold,* General Counsel, and *J. Shane Creamer,* Attorney General, for appellee.

PER CURIAM OPINION, December 27, 1971:

The narrow issue presented here is whether the appellant could file an appeal and a request for a hearing before the State Civil Service Commission on July 28, 1971, when her dismissal from probationary status as a Caseworker Assistant I in the Girard District of the Philadelphia County Board of Assistance of the Department of Public Welfare, from which she would appeal, took place on July 29, 1969. The record prepared by appellant and accompanying her brief contains a copy of a letter dated July 14, 1969, addressed to appellant, marked "certified mail," advising her that she was being dismissed on July 29, 1969, for unsatisfactory work performance. She asserts that she did not receive this letter until a copy was sent her present counsel on June 9, 1971.

On oral argument, counsel for appellant, in view of the record showing that the letter of July 14, 1969, was sent certified mail, asked where the certificate and return receipt were. In response, appellee filed a supplemental brief, attaching copies of the certified mail receipt and a copy of the envelope bearing the same certified mail number and a notation on the envelope that delivery had been attempted, the addressee-appellant no-

tified on July 16, 1969, and that it had been returned because it was unclaimed.

From July 29, 1969 until July 28, 1971, the record is clear that appellant did a great number of things to protest her dismissal, except appeal and request a hearing from the State Civil Service Commission. She admits receiving a letter which is in the record, dated August 7, 1969, from the Philadelphia County Board of Assistance, which states specifically that the appellant should request a hearing before the State Civil Service Commission and that it should be addressed to "Mr. Richard Rosenberry, Executive Director, State Civil Service Commission, 305 South Office, Harrisburg, Pa."

Although not presented in argument before this Court, it would seem that since appellant was in her probationary status when dismissed, her only right to an appeal and hearing would be under Section 905.1 of the Civil Service Act, Act of August 5, 1941, P. L. 752, as amended, 71 P.S. §741.905(a), and Section 951, 71 P.S. §741.951, alleging, as she does, dismissal because of discrimination against race or national origin. However, the Act seems equally clear that, in that event, the appeal must be filed to the State Civil Service Commission within 20 days of the alleged violation. Here the latest the violation could have taken place was July 29, 1969.

Appellant, based on the record before us, has not overcome the presumption that an administrative agency has properly performed its duties. See Section 81, Administrative Law and Procedure, 1 P. L. E. 344.

### ORDER

Now, December 27, 1971, the decision of the State Civil Service Commission, dismissing the appeal of F. Malana Pettit, is affirmed.