## Marks *v.* Civil Service Commission.

Argued December 5, 1972, before President Judge
BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKIN-
SON, JR., MENCER, ROGERS and BLATT.

*Henry E. Harner,* for appellant.

*J. Justin Blewitt, Jr.,* Deputy Attorney General,
with him, *J. Shane Creamer,* Attorney General, for
appellee.

OPINION BY JUDGE BLATT, January 30, 1973:

Bernard Marks (Marks) had been employed contin-
uously by the Commonwealth of Pennsylvania from
January 3, 1935, first in the Department of Revenue
and later in the Department of Justice. He was em-
ployed as an accounting advisor for the Department of
Justice's "Tax Litigation Unit" when, on December 17,
1971, a letter was signed and mailed to him by then
Attorney General J. Shane Creamer, in which Marks
was informed that he was being furloughed because
his position was no longer to be carried by the Depart-

ment of Justice.[1] On January 12, 1972, Marks wrote a letter to the Attorney General asking to be advised of his employment status. The Attorney General replied on January 14, 1972, saying basically what he had said in his letter of December 17. On February 7, 1972, Marks filed an appeal with the Civil Service Commission which, following a hearing, was dismissed because it had not been timely filed. We must affirm the Commission.

Section 802 of the Civil Service Act, Act of August 5, 1941, P. L. 752, as amended, 71 P.S. §741.802, provides that a civil service employee may be furloughed if necessitated by a reduction in force. Section 950 of the Act, 71 P.S. §741.950, provides: "Every person in the classified service shall be furnished with written notice of any personnel action taken with respect to him pursuant to the provisions of this act. Such notice, a copy of which shall be submitted to the commission, shall be furnished within time limits prescribed by the rules of the commission. The notice shall in the case of the permanent separation, suspension for cause, or demotion of a regular employe set forth the reason or reasons for the action." The Commission's regulation at 4 Pa. Code §105.3, includes a similar provision as to the inclusion of specific reasons in notices of personnel actions, but it also requires that such reasons be included with furlough notices.

---

[1] The letter read, in pertinent part, as follows:

"Effective with the 7th of January 1972 you will be furloughed from the Department of Justice as an Accounting Advisor in Corporate Tax Litigation. Your position is no longer to be carried on the Department's complement since the responsibility for Tax Litigation has been transferred to the Department of Revenue.

"I have notified the Civil Service Commission of this action; and, they will place your name on the furloughed employes list commencing with the 3rd of January 1972.

"I wish to thank you for your service during your tenure with the Department; and, wish you every success for the future."

The Commission found that the letter mailed to Marks on December 17 was sufficient notice of his furlough and that, if he desired to appeal the action taken, he was required by §951 of the Civil Service Act, 71 P.S. §741.951, to do so within twenty days of the receipt of notice. It is Marks' argument that the letter was not sufficient notice because specific reasons for the furlough were not given.

As we read §950 of the Civil Service Act, it does not require that reasons for personnel actions be given in a furlough case. And, whether or not the Commission's rule, which seems to require the statement of reasons, even though the law makes no such requirement, is valid or not, it is clear that reasons *were* given in the letter of December 17.

Marks contends, however, that the letter was incomplete because it should have contained instructions as to his rights of appeal. The basis for this contention is Director's Letter No. 75 of the Commission, dated March 26, 1968, which suggests that portions of the Civil Service Act pertaining to appeals be included with all notices of personnel actions, including furloughs. We find this letter to be directory rather than mandatory, and we can find no authority in the Civil Service Act to make such a requirement a mandatory part of a personnel action notice.

The twenty-day limit prescribed for an appeal to the Commission must be strictly enforced. *Pettit v. Civil Service Commission,* 4 Pa. Commonwealth Ct. 124, 285 A. 2d 223 (1971). The latest Marks could have received the December 17 letter was January 12, which was the day he wrote his letter of inquiry as to status to the Attorney General. This letter, of course, was not an appeal, and the Commission therefore acted correctly in dismissing the appeal filed on February 7, 1972. In so holding, however, we must note that this decision does not affect any rights which Marks may have as a fur-

418

loughed employe under §802 of the Civil Service Act, 71 P.S. §741.802 or under the Commission's regulations at 4 Pa. Code §101.1.

Because of the above reasons therefore, we issue the following

**ORDER**

Now, January 30, 1973, the Order of the Civil Service Commission is affirmed and the appeal of Bernard Marks is dismissed.