474

Commonwealth of Pennsylvania, Department of Transportation *v.* Regina Fedor, Appellant.

Argued June 6, 1975, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Arthur A. Kusic,* for appellant.

*Reynold J. Kosek,* Assistant Attorney General, for appellee.

OPINION BY JUDGE ROGERS, July 28, 1975:

This is the appeal of Regina Fedor from an order of the State Civil Service Commission (Commission) directing the Secretary of Transportation to suspend the appellant for ten working days from her position of Personnel Analyst III, regular status, with the Department of Transportation.

As a result of a letter received from the Lieutenant Governor of Pennsylvania communicating a complaint from a citizen, the Commission embarked on an investigation[1] into the activities of Ms. Fedor, the personnel administrator at Highway District Office 8-0 of the Department of Transportation located in Harrisburg.

Following the investigation the Commission conducted a public hearing of which Ms. Fedor was duly notified and at which she appeared with counsel and testified. After the hearing the Commission entered its order which includes findings, which our careful review convinces us are supported by substantial competent evidence, that the following occurred with respect to the matter under investigation: one Antoinette M. Petrucci, a non-civil service employe with the title, Public Administration Trainee, was employed by the Department of Transportation in District Office 8-0 and was acting as Ms. Fedor's assistant in personnel matters; Ms. Fedor especially and, it seems, her superiors in the District Office, desired that

---

1. Such investigations are authorized by Section 203(3) of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.203(3) (Supp. 1974-1975).

Ms. Petrucci, whose services Ms. Fedor valued, have Civil Service status; to this end they requested the Civil Service Commission to provide a list of persons eligible for appointment to the civil service position of Administrative Analyst (Public Administration), for which Ms. Petrucci had previously taken the civil service examination;[2] the Commission duly supplied a list of names of 29 persons, ranked from top to bottom in order of eligibility based on examination scores, on which Ms. Petrucci's name was 27th from the top; Ms. Fedor thereupon sent to each of the persons higher on the list than Ms. Petrucci a form called "Request for Availability Information" on which the recipients were to inform the personnel office of the Department of Transportation of his or her availability, unavailability or desire to be withdrawn from consideration for the position; as these forms were received, Ms. Fedor, and in some instances Ms. Petrucci with authority from Ms. Fedor, talked with eligibles who had reported their availability; Ms. Fedor told four of these persons that there was a person in the office whom she desired should be promoted to the position, or that there really was no position available because it was the Department's wish to promote a person already performing the work, and that it was her, Ms. Fedor's desire that the caller waive his or her entitlement to the position; one of the four persons just mentioned and an additional hearing witness talked with Ms. Petrucci who conveyed the same message as Ms. Fedor; the sixth person was unable to identify the person with whom he spoke at District 8-0 except as a female who asked him to sign and return the waiver for the same reason—that it was desired that a present employe be given the position.

Based on these specifics the Commission made the ultimate finding that Ms. Fedor had conceived, executed

2. The examination seems to have consisted of the submission of a statement of qualifications and is called an unassembled examination.

and implemented a scheme to discourage and dissuade persons certified from the eligible list for appointment in the service not to pursue their quest for the position. It further found that the statements made by Ms. Fedor that there was in fact no vacancy were mendacious and deceptive. The Board, as noted, ordered the Secretary of Transportation to suspend Ms. Fedor for ten days; it further ordered the Secretary of Transportation to direct all personnel officers to adhere to the Civil Service Act and the rules and regulations of the Commission and to cease and desist from the practice of soliciting waivers from persons on its eligibility lists.

The appellant first argues that the Commission not being Ms. Fedor's appointing authority, was without power to order the Secretary of Transportation to suspend her. It is somewhat difficult to understand how this argument in the long run helps the appellant whose suspension, we are told in the briefs, was, subsequent to and in compliance with the Commission's order, effected by the Department of Transportation. Indeed, at oral argument appellant's counsel conceded that there would be nothing to be gained for his client by our acceptance of his contention and a retrial on an appeal from the Secretary of Transportation's action and requested that, if we should conclude that the Commission had the power to order the Secretary to impose the suspension, to decide the merits. We have concluded that, whatever difficulties the Commission might have in enforcing the order, it had power to order the Department to take the personnel action it did in this case. Section 951(d) of the Civil Service Act, 71 P.S. §741.951(d) (Supp. 1974-1975) provides:

"Notwithstanding any other provisions of this section, the Commission may, upon its own motion, investigate any personnel action taken pursuant to this act and, in its discretion, hold public hearings, record its findings and conclusions, and make such

orders as it deems appropriate to assure observance of the provisions of this act and the rules and regulations thereunder."

Surely the direction that the Department of Transportation suspend Ms. Fedor is appropriate to the assurance of the observance of the Civil Service Act. Further, the Secretary of Transportation is not here contesting the Commission's order, which it recognized and obeyed.

The appellant's argument on the merits is that there is no statute, regulation or procedure under the laws of the Commonwealth of Pennsylvania or any agency thereof which proscribes Ms. Fedor's conduct. While there is nothing in the Act or regulations of the Commission specifically referring to the solicitation of waivers from eligible employes for the purpose of securing the promotion of a favorite non-civil service employe, such activity pursued in the fashion employed by Ms. Fedor is clearly contrary to the spirit and purpose of the Civil Service Act, Section 501 of which requires that appointments of persons entering the classified service shall be from eligible lists established as the result of examinations. 71 P.S. §741.501.

The appellant further argues that the record reveals that her superiors in District Office 8-0 were not only aware of and condoned her activities but that the practice of seeking waivers for the purpose of securing the appointment of favored non-civil service employes is common practice in agencies of the Commonwealth. We believe that it is a bad practice and that Ms. Fedor, as a personnel specialist should have recognized it as such. While it is obviously necessary in filling vacancies from eligibility lists to inquire concerning the availability of persons listed, it is also plain to us that the special solicitation of waivers in the manner pursued by Ms. Fedor, and with Ms. Fedor's knowledge, by Ms. Petrucci, is improper.

The appellant's further argument based on the failure of the Commission to make conclusions of law is without

substantial merit. While the Commission's adjudication does not contain material specifically designated as legal conclusions, its general findings sufficiently express the Commission's conclusion, with which we agree, that Ms. Fedor's actions were improper and constituted cause for disciplinary action. That others may have done the same things is not exculpatory.

### ORDER

And now, this 28th day of July, 1975, the Commission's order is sustained and the appeal of Regina Fedor is dismissed.