In Re: Request of Mary Dinsmore for Appeal and Hearing v. Commonwealth of Pennsylvania, Department of Agriculture. Mary Dinsmore, Appellant.

Argued October 29, 1976, before Judges WILKIN-SON, JR., ROGERS and BLATT, sitting as a panel of three.

*George B. Stegenga,* for appellant.

*I. Lawrence Gelman,* Chief Counsel, with him *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, December 6, 1976:

Appellant was a regular employee of the Department of Agriculture in the classified services, as defined by the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.1 et seq. On November 26, 1975, the following letter was sent from her superior, the Regional Director of the Southeast Region:

Dear Mrs. Dinsmore:

According to the Department of Agriculture rules and regulations, your status has changed from Leave Without Pay to Absence Without Leave effective November 26, 1975.

If you do not return to work before December 3, 1975, action will be taken to remove you from

the payroll because of abandonment of your position. This is considered a voluntary resignation.

When appellant failed to return to work she was advised by the Secretary of Agriculture (Secretary) on December 29, 1975:

Dear Mrs. Dinsmore:

You have failed to return to work from your authorized leave of absence which expired with the close of business November 25, 1975. Therefore, you are being resigned from your position as an Agricultural Technician II in the Southwestern Region of the Department of Agriculture effective December 23, 1975.

This action may be appealed to the Civil Service Commission in writing, within 20 days after the date of this notice.

On January 12, 1976, appellant wrote to the office of the Secretary:

Please find copies of letters I have received while I have been on sick leave, also a copy of the doctor's statement which I sent to Region IV office, Evans City.

I am asking 'Would it be possible for you to find the reason why the Regional Director would change my leave Without Pay to Absence Without Leave?' According to the Agreement between the Commonwealth of Pennsylvania and AFSCME it is understood that full time employes on 'Sick Leave' may continue to receive benefits under the State Employe Program for up to 6 months. Leave without pay status started October 1, 1975.

Also I used personal auto for four months— June through Sept. I received payment for Aug. and Sept. but have received no word from the June and July Travel Expense Vouchers.

I am writing to you because the last letter came from your office. I have had no satisfaction corresponding with the Region four office.

She sent a copy of this January 12 letter to the State Civil Service Commission (Commission) without an explanation. It is, therefore, not surprising that on January 21, 1976, the Commission dispatched the following letter:

We have received your letter of January 12, 1976, along with the copies of the letters which you state are self explanatory.

Will you please inform us of the reason that you forwarded these letters to this agency.

On January 24, 1976, appellant responded to the Commission's January 21st letter, quoting the December 29, 1975 letter from the Secretary and her January 12, 1976, reply. She concluded:

To this date I have not received an explanation why I have not been reimbursed for the Travel Expense Vouchers for the months of June and July or the reason why I was resigned from my position Dec. 23, 1975 and the Department of Agriculture has not continued to pay for my hospitalization, etc.

I have been on sick leave and that leave without pay status started October 1, 1975 and I understand it should continue through March 31, 1976.

I am sorry I did not repeat these facts to you in my letter of Jan. 12. I considered that letter 'an appeal in writing' for the action that had been taken. I am still puzzled and when I sent you copies of the letters I had received I was hopeful that you would be able to find explanations for such actions of the Department of Agriculture.

I hope the above explains the reason why I wrote to you Jan. 12, I considered that letter an appeal in writing within 20 days.

The Commission by letter dated January 30, 1976, acknowledged receipt of the January 24th letter, said the matter would be considered by the Commission at

its next meeting, and requested enclosed forms be completed and returned.

On February 18th the Commission considered the matter and entered the following order:

And Now, This 18th day of February, 1976, the State Civil Service Commission at a regular meeting considered the above subject and declined to grant your request as the same is untimely. Your notice of resignation by abandonment of regular Agricultural Technician II employment with the Department of Agriculture was issued December 29, 1975, and your appeal was made on January 24, 1976.

Pursuant to appellant's counsel's request, on March 16th, the Commission reconsidered the matter and affirmed its February 18th Order. This appeal followed. We must affirm.

Neither the Commission nor this Court could consider appellant's letter of January 12, 1976, addressed to the Secretary, inquiring why her leave status was changed by the Regional Director on November 26, 1975, and why she had not been paid for June and July Travel Expense Vouchers, as an appeal to the Commission from the action of the Secretary taken on December 29, 1975, terminating her services by resignation effective December 23, 1975. No reference is made directly or indirectly to such action by the Secretary.

An appeal from the action complained of must be taken to the Commission within 20 days of the complained of action. Section 951, Civil Service Act, *supra*, 71 P.S. §741.951(a). *Marks v. Civil Service Commission*, 7 Pa. Commonwealth Ct. 414, 299 A.2d 691 (1973).

Appellant recognizes that *Marks, supra*, as well as *Pettit v. Civil Service Commission*, 4 Pa. Commonwealth Ct. 124, 285 A.2d 223 (1971), must be distin-

guished if she is to prevail. In *Pettit* the complained of action occurred on July 29, 1969, and the appeal was filed on July 28, 1971. We affirmed the dismissal of the appeal as untimely.

> From July 29, 1969 until July 28, 1971, the record is clear that appellant did a great number of things to protest her dismissal, except appeal and request a hearing from the State Civil Service Commission.

4 Pa. Commonwealth Ct. at 126, 285 A.2d at 224.

Appellant distinguishes the instant case from *Pettit, supra,* on the basis that here it is only a few days beyond the statutory 20 day period, whereas there it was 2 years. Obviously, that is no distinction. She would distinguish *Marks, supra,* on the grounds that, although her letter of January 12, 1976, was not labeled an appeal and did not request a hearing, the letter to the Commission did indicate her dissatisfaction with the complained of action within the 20 day period. Not so. The letter which she would have us consider an appeal was not written to the Commission but to the Secretary with merely a copy sent to the Commission. Also, the complained of action in that letter was not separation which took place on December 29, 1975, but rather change in status that took place on November 26, 1975, and failure to be reimbursed for travel. Since *Marks, supra,* and *Pettit, supra,* cannot be distinguished, they are controlling.

Accordingly, we will enter an order affirming the Commission's action in dismissing the appeal as untimely.

### ORDER

Now, December 6, 1976, the decision of the State Civil Service Commission, dismissing the appeal of Mary Dinsmore is affirmed.