Willie A. Edmonds, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Philadelphia County Board of Assistance, Respondent.

Submitted on briefs November 15, 1982, to Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Edward Blumstein, Blumstein, Block & Vanore,* for petitioner.

*Earl R. Dryer,* Deputy Counsel, for respondent.

OPINION BY JUDGE CRAIG, January 12, 1983:

Willie A. Edmonds appeals from a decision of the State Civil Service Commission, which declined to hear his appeal, thus sustaining the action of the Philadelphia County Board of Assistance, Department of Public Welfare, in dismissing him from his position as Income Maintenance Supervisor.

The Philadelphia County Board of Assistance dismissed Mr. Edmonds under Section 807 of the Civil Service Act for abusing his authority in violation of county rules and procedures. He attempted to appeal the dismissal in a letter which was timely, but which he inadvertently addressed to the Federal Civil Service Commission, rather than to the State Civil Service Commission as is required.[1] He sent a copy to the Director of Personnel and Labor Relations for the Department of Public Welfare of Philadelphia County.

The Federal Civil Service Commission, upon recognition of the error, forwarded the letter to the State Civil Service Commission, but it arrived after the twenty-day limit had expired. The State Commission refused to recognize either the letter or the copy as a valid appeal under 71 P.S. §741.951.

---

[1] 71 P.S. §741.951(a), in its applicable part, states that "[a]ny regular employee in the classified service may, within twenty calendar days of receipt of notice from the appointing authority, appeal in writing to the commission."

Because the requirement of a written notice of appeal to the State Civil Service Commission within twenty days is not unduly burdensome, we have not previously permitted exceptions.[2] Such permission would invite requests for a wide array of departures from the rule, each one individually claiming a unique nature.

The facts and circumstances of this case do not warrant a deviation from applicable precedent which has adhered to the twenty-day limit. Such adherence is mandatory, not discretionary.[3] The letter copy sent to the Department of Public Welfare also was inadequate because it was not sent to the State Civil Service Commission, as 71 P.S. §741.951(a) requires.

Therefore, we must sustain the State Civil Service Commission's decision.

ORDER

Now, January 12, 1983, we affirm the decision of the State Civil Service Commission, Appeal No. 3277.

---

[2] *Marks v. State Civil Service Commission*, 7 Pa. Commonwealth Ct. 414, 299 A.2d 691 (1973).

[3] *Ellis v. Pennsylvania Department of Transportation*, 33 Pa. Commonwealth Ct. 354, 381 A.2d 1325 (1978), (citing *Marks*).