Benjamin Jenkins, Petitioner *v.* Commonwealth of Pennsylvania, Civil Service Commission, Respondent.

Submitted on briefs November 15, 1982, to President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Betty F. Perry, Killian & Gephart,* for petitioner.

*Earl R. Dryer,* Assistant Attorney General, for respondent.

Opinion by Judge Doyle, August 12, 1983:

This is an appeal by Benjamin J. Jenkins from the order of the State Civil Service Commission (Commission) which denied Petitioner's request for a hearing following his furlough by the Department of Education (Department). For the reasons which follow, we affirm the order of the Commission.

Petitioner had been employed by the Department within the Division of Educational Media as an Instructional Materials Production and Distribution Coordinator. By letter dated May 14, 1980, the Department's personnel director informed Petitioner that he would be furloughed effective at the close of business on July 2, 1980. Petitioner took no action until July 10, 1980 when he notified the Commission of his intention to initiate an appeal from the Department's decision to furlough him. By order of the Commission dated August 21, 1980, Petitioner's request for a hearing was denied because it was untimely filed. Appeal to this Court followed.

Pursuant to Section 951(a) of the Civil Service Act[1] (Act), Petitioner was entitled to appeal his furlough within twenty days from the date he received notice from the Department, *i.e.,* within twenty days of May 14, 1980. This twenty-day limit prescribed by Section 951(a) must be strictly enforced. *Marks v. State Civil Service Commission,* 7 Pa. Commonwealth Ct. 414, 299 A.2d 691 (1973). Since Petitioner allowed fifty-seven days to elapse after receiving notice of his furlough before he expressed an intention to appeal the action, the Commission's duty to deny Petitioner's request was clear. *Pettit v. Civil Service Commission,* 4 Pa. Commonwealth Ct. 124, 285 A.2d 223 (1971).

---

[1] Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.951 (a).

In an attempt to avoid the application of the twenty-day limitation, Petitioner contends that his July 10, 1980 request for a hearing pertained to his right to recall preferences rather than his furlough[2] and that such a right did not arise until July 2, 1980, the date he was actually furloughed. Petitioner argues additionally that he is entitled to a hearing to enforce his recall preference, and such hearing would not be subject to the twenty-day limitation of Section 951(a). Although Petitioner makes a commendable argument in support of his position, our careful review of the record reveals that he did not identify recall preference as the subject of his request for hearing.

Petitioner's letter of July 10, 1980 contained no reference to recall preference, but rather identified "furlough procedure" as the sole basis for his request for a hearing.[3] While it is true that on the Commission's form designated "Preliminary Inquiry Relating to Appeal and Request for Hearing" the

[2] Section 802 of the Act provides, in pertinent part:

A furloughed employee shall have the right of return to any class and civil service status which he previously held . . . . Under the rules a regular employee furloughed shall for a period of one year be given preference for reemployment in the same class of position from which he was furloughed. . .

71 P.S. §741.802.

[3] The pertinent part of Petitioner's letter to the Executive Director of the Commission reads as follows:

I received a letter on May 14, indicating that this action would take place on July 2, 1980 *and I immediately called* the Civil Service Commission to clarify the 20 day stipulation on the appeal process only to be informed that there was a question pertaining to this matter[.] [B]ut I did not receive an answer to my inquiry as to "20 days from receipt of the letter or 20 days from the actual furlough.

. . . .

Petitioner ascribed as the reason for his appeal the Department's hiring of new professionals without giving the Petitioner preference, this document was not filed until July 22, 1980, forty-nine days after the appeal period had expired on June 3, 1980. In the Petitioner's Response to the Department's motion to dismiss,[4] the Petitioner alleges that the improper action of the Department arose *after* July 2, 1980. In his letter of appeal filed on July 10, 1980, however, the Petitioner indicated that after receiving the notice of furlough on May 14, 1980 he *"immediately* called the Civil Service Commission to clarify the 20 day stipulation on the appeal process. . ." (emphasis added). It is therefore obvious that Petitioner could not have been thinking about an appeal "immediately" after May 14th for a breach of the employment provisions which did not arise, by his own admission, until after July 2nd.

Petitioner's effort to assign a different subject matter to his request for a hearing being unsuccessful, the order of the Commission is therefore affirmed.

### Order

Now, August 12, 1983, the order of the State Civil Service Commission concerning Appeal No. 3188, dated August 21, 1980 is hereby affirmed.

------

I waited until I was actually furloughed to follow the appeal process since I was undergoing several interviews for employment with the Department of Education and my final response was not received until July 2, 1980. At this time I would like to file an appeal *to my furlough procedure.*" (Emphasis added.)

4 The Department's Motion to Dismiss for Lack of Jurisdiction, apparently not reached by the Commission, should have been denied. Recommendation No. 25 of the Memorandum of Understanding between Local 2382 and the Department states quite clearly that "A Grievance may be processed through *either* the Civil Service appeal procedure *or* this Grievance Procedure" (emphasis added).