554 A.2d 146

Commonwealth of Pennsylvania, Department of Education, Scranton State School for the Deaf, Petitioner *v.* Basil S. Maskaly, Respondent.

Submitted on briefs November 16, 1988, before Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Mary Patricia Fullerton*, Assistant Counsel, with her, *Jay Heubert*, Chief Counsel, for petitioner.

No appearance for respondent.

OPINION BY JUDGE CRAIG, February 1, 1989:

The Scranton State School for the Deaf, of the Pennsylvania Department of Education, appeals from an adjudication of the State Civil Service Commission which (1) ordered the school to eliminate from its records a 1983 demotion of Basil Maskaly from Laundry Worker 2 status, and to reimburse that employee the difference between laundry worker wages and the wages actually received between December of 1983 and January of 1987, but also (2) dismissed the employee's appeal insofar as it sought to challenge the school's ultimate furlough of him from employment in January, 1987.

The school maintains that the commission had no jurisdiction to act because the employee's appeal to the commission was untimely.

The specific question this court must consider is whether the commission could remedy the lack of jurisdiction resulting from an untimely appeal by taking up the tardy issue under its power to investigate civil service matters upon its own initiative.

According to the findings of the commission, the employee duly held the position of Laundry Worker 2 in late 1983, when the school decided to eliminate its laundry operation. Although there was no record of a written request for voluntary demotion, the school notified the employee that his "voluntary demotion" to Custodial Worker 1, as of December, 1983, had been approved. The commission also found that, although the custodial worker position did not have civil service protection, the school wrongly advised the employee that civil service protection remained in force in the position to which he was demoted.

Finally, as the commission found, the school furloughed the employee from his custodial worker position by letter of December 10, 1986, effective January 9, 1987; that December letter was the first notice received by the employee that the demotion had eliminated his civil service status.

The employee filed an appeal from the December 10, 1986 notification of furlough, but he did not enter his appeal until March 31, 1987, well beyond the twenty-day appeal period described by section 951(a) of the Civil Service Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.951(a).

Of course, the twenty-day appeal limitation must be strictly enforced, *Jenkins v. Civil Service Commission*, 76 Pa. Commonwealth Ct. 341, 463 A.2d 1255 (1983). The appeal period is mandatory, *Edmonds v. Pennsylvania*

*Department of Public Welfare*, 71 Pa. Commonwealth Ct. 160, 454 A.2d 221 (1983), and has jurisdictional effect; the commission has no jurisdiction to consider a late appeal. Moreover, because the late appeal gives rise to a jurisdictional issue, the school's failure to raise and preserve that issue before the commission did not constitute a waiver of it. Because the school has raised the jurisdictional question here, this court must consider it. Pa. R.A.P. 1551(2).

The commission, perhaps in consideration of the meritorious nature of substantive aspects of the employee's case, elected to ignore the fact that the employee had brought the matter to the commission as his own appeal under section 951(a). The commission decided to characterize the proceeding as an investigatory hearing, by including a finding that the hearing was conducted under section 951(d) of the Civil Service Act, 71 P.S. §741.951 (d), which reads as follows:

> (d) Notwithstanding any other provisions of this section, the commission may, upon its own motion, investigate any personnel action taken pursuant to this act and, in its discretion, hold public hearings, record its findings and conclusions, and make such orders as it deems appropriate to assure observance of the provisions of this act and the rules and regulations thereunder.

The use by the commission of its power to investigate a matter on its own initiative, in this case, has the same effect as if the commission, noting the late appeal by this employee, had granted leave to appeal nunc pro tunc. However, neither the record nor the commission's decision discloses any basis for allowing such leave to pursue a late appeal. The school contends that the commission thereby has abused its investigative power, by using it to circumvent the twenty-day appeal time limit.

This court must agree. In *Gorton v. State Civil Service Commission,* 35 Pa. Commonwealth Ct. 319, 328, 385 A.2d 1026, 1031 (1978), this court discussed the purpose of the investigation initiative in section 951(d) by stating:

> The amendments effected by the Act of August 27, 1963 unquestionably disclose a legislative intent to remove from the authority of the Commission classification of job positions and related compensation and to place this authority in the Executive Board. Subsection (d) of Section 951 cannot be construed as restoring to the Commission, on its own motion or otherwise, authority over these subjects or the duty to entertain complaints and conduct hearings thereon. Rather, its purpose is to afford to the Commission authority to initiate and conduct investigations with respect to any personnel action taken as to subjects over which it continues to enjoy authority.

Thus this court established that the commission's function under section 951(d) cannot be used to extend the commission's power over aspects of the law not committed to the commission's discretion.

The investigative function is intended to permit the commission to proceed with implementation of the Civil Service Act on the basis of information received. A good example was an investigation by the commission, upheld by this court, in *Pennsylvania Department of Transportation v. Fedor,* 20 Pa. Commonwealth Ct. 474, 342 A.2d 139 (1975), which the commission initiated pursuant to a citizen's complaint relayed by the Lieutenant Governor.

Use of the investigation-initiating power in lieu of granting leave to appeal nunc pro tunc is therefore a misuse of that power. Allowing a late appeal is certainly appropriate in a proper case, but whenever the commission allows a late appeal, it should state its reasons for

doing so, so that its action will be subject to judicial review which can insure adherence to uniform principles. Using the investigating power to allow late appeals, in some cases and not in others, could present a danger of a nonuniform approach with respect to tardy appellants, which could be discriminatory in effect.

Clearly, section 951(d) specifically deals with cases initiated by the commission "upon its own motion." This case, as such, does not come within that category because it was initiated, albeit tardily, by the employee himself.

Even if we accorded to the commission the discretion to consider allowing a late appeal without any specific request that it do so, a remand would be necessary because, as noted above, neither the record nor the adjudication disclose any factual or legal basis for such an allowance.

Therefore, the decision must be vacated and the case remanded with a direction that the commission either (1) confirm allowance of the late appeal by reaching findings of fact and conclusions of law properly supporting leave to appeal nunc pro tunc, or (2) dismiss the appeal for lack of jurisdiction as a consequence of untimeliness.

ORDER

NOW, February 1, 1989, the decision of the State Civil Service Commission dated April 21, 1988, at Appeal No. 7415, is vacated, and this case is remanded with a direction that the Commission either (1) confirm allowance of the late appeal by reaching findings of fact and conclusions of law properly supporting leave to appeal nunc pro tunc, or (2) dismiss the appeal for lack of jurisdiction as a consequence of untimeliness.

Jurisdiction relinquished.