566 A.2d 1267

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Petitioner,**

v.

**Sharon A. NOUTCH, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 1989.

Decided Nov. 30, 1989.

Timothy P. Wole, Asst. Chief Counsel, with him, Arthur R. Thomas, Asst. Chief Counsel, and Robert A. Greevy, Chief Counsel, for petitioner.

Barry F. Greenberg, for respondent.

Before CRUMLISH, Jr., President Judge, and COLINS and McGINLEY, JJ.

## OPINION

CRUMLISH, Jr., President Judge.

The Pennsylvania Board of Probation and Parole (Board) appeals a State Civil Service Commission (Commission) order overruling the Board's removal of Sharon Noutch from her position as a Clerk Typist 2, probationary status, and directing reinstatement with backpay. We vacate and remand to the Commission.

The Board discharged Noutch after discovering that she failed to disclose on her employment application that she was convicted of a summary criminal offense. Noutch appealed to the Commission on the basis of discrimination pursuant to Section 951(b) of the Civil Service Act (Act)[1] allowing such appeals by probationary employees.

Rather than conducting a Section 951(b) hearing, in which the burden is on the probationary employee to prove discrimination, the Commission elected to convene a special "investigatory hearing" under Section 951(d), 71 P.S. § 741.951(d). In this hearing, the Commission did not address discrimination issues; rather, it confined its investigation to whether Noutch falsified her job application.

1. Act of August 5, 1941, P.L. 752, added by the Act of August 27, 1963, P.L. 1257, *as amended,* 71 P.S. § 741.951(b).

Following this Section 951(d) hearing, the Commission adjudicated Noutch's appeal by overruling her removal. Specifically, the Commission found that since Noutch was unaware of her criminal conviction, she did not *intentionally* falsify her job application. The Commission also concluded that the conviction for retail theft did not, in itself, amount to sufficient cause for the Board's decision to remove her.

The Board contends that the Commission abused its discretion in conducting an "investigatory hearing" under Section 951(d) to adjudicate Noutch's appeal of her removal from a probationary status position. We agree.[2]

Section 951(d) provides:

> Notwithstanding any other provisions of this section, the commission may, upon its own motion, investigate any personnel action taken pursuant to this act and, in its discretion, hold public hearings, record its findings and conclusions, and make such orders as it deems appropriate to *assure observance of the provisions of this act and the rules and regulations thereunder.*

71 P.S. § 741.951(d) (emphasis added).

▮ The Commission's discretion to investigate under Section 951(d) does not empower it to make orders which circumvent or contravene other provisions in the Act. *Department of Education v. Maskaly*, 123 Pa. Commonwealth Ct. 272, 554 A.2d 146 (1989). Moreover, as we stated in *Maskaly*, Section 951(d) specifically deals with cases initiated by the Commission "upon its own motion," not appeals initiated by the employee. 123 Pa. Commonwealth Ct. at 276, 554 A.2d at 148.

▮ By using Section 951(d) to adjudicate Noutch's appeal of her removal and otherwise overrule the Board's

---

**2.** We reject Noutch's assertion that the Board waived this issue by failing to object to the procedure at the time of the investigatory hearing. We cannot hold the Board responsible for failing to object since it could not have known at the time that the Section 951(d) "investigatory" hearing would ultimately constitute the actual adjudicatory hearing on Noutch's appeal under Section 951(b).

personnel decision, the Commission circumvented the established rule placing the burden on the dismissed probationary employee to prove that removal was based on discriminatory nonmerit factors. *Cunningham v. State Civil Service Commission,* 17 Pa. Commonwealth Ct. 375, 332 A.2d 839 (1975). Such claims may be adjudicated only under Section 951(b). *Pronko v. Department of Revenue,* 114 Pa. Commonwealth Ct. 428, 539 A.2d 456 (1988).

Accordingly, we vacate the Commission's order and remand with instructions to proceed in accordance with Section 951(b).[3]

### ORDER

The order of the State Civil Service Commission at Appeal No. 8047, dated January 27, 1989, is vacated and the matter is remanded to the Commission for proceedings not inconsistent with this Court's opinion.

Jurisdiction relinquished.

**3.** Inasmuch as we vacate the Commission's entire order due to this fatal defect in the proceedings, we will not address the Board's other contentions alleging errors made in the context of those proceedings before the Commission.