Lawrence R. Ellis, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued December 9, 1977, before Judges WILKINSON, JR., ROGERS and DISALLE, sitting as a panel of three.

*Michael I. Levin,* with him *Cleckner & Fearen,* for petitioner.

*Frank A. Fisher, Jr.,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, January 24, 1978:

Lawrence R. Ellis has appealed an order of the State Civil Service Commission (Commission) upholding the action of Department of Transportation (PennDOT) furloughing him from his employment.

Ellis was one of eight PennDOT employes of Highway District 5-0 having the civil service classification of Designer II. His duties, which included that of approving or disapproving designs, were such that he was called a squad leader.[1] Because of lack of work, PennDOT furloughed Ellis and two other District 5-0 Designer IIs, effective April 1, 1976.

---

[1] This case is one principally involving the Civil Service Act, Act of August 5, 1941, P.L. 752, 71 P.S. §§741.301-741.305, *as amended,* 71 P.S. §741.1 et seq. Sections 301-305 of the Act, 71 P.S. §§741.301-741.305, which authorized the Commission to establish classes of positions in State employment, were repealed by the Act of August 27, 1963, P.L. 1257, §8. This function now resides in the Executive Board of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §249(a). Pursuant to Section 709(a) of The Administrative Code, the Executive Board has promulgated regulations establishing a position classification plan and procedures for developing the specifications for each class. *See generally,* 4 Pa. Code, §§28.1-28.11.

In addition to the plethora of arguments dealt with in the body of this opinion, Ellis says that PennDOT should have demonstrated that there was no work for squad leaders because this was a name given persons doing his kind of work in his department. There is no merit in this contention. Section 802 of the Civil Service Act provides that civil service employes shall be furloughed on the basis of classes. Squad leader is not a class of position in the civil service established by the Executive Board; Designer II is.

By Section 3(s) of the Civil Service Act, 71 P.S. §741.3(s), the only justifications for furlough are lack of work or funds. *Department of Public Welfare v. Magrath*, 14 Pa. Commonwealth Ct. 257, 321 A.2d 403 (1974). Section 802 of the Act, 71 P.S. §741.802, further provides, *inter alia*, that:

> *In case a reduction in force is necessary in the classified service,* no employe shall be furloughed while any probationary or provisional employe is employed in the same class in the same department or agency, and no probationary employe shall be furloughed while a provisional employe is employed in the same class in the same department or agency. *An employe shall be furloughed only if at the time he is furloughed, he is within the lowest quarter among all employes of the employer in the same class on the basis of their last regular service ratings, and within this quarter he shall be furloughed in the order of seniority. . . .* (Emphasis added.)

Section 3(g) of the Act, 71 P.S. §741.3 defines "class" or "class of positions" as:

> [A] group of positions in the classified service which are sufficiently similar in respect to the duties and responsibilities thereof that the same descriptive title may be used for each of such positions, the same requirements as to experience, knowledge and ability are demanded of incumbents, the same tests of fitness may be used to choose qualified appointees, and the same schedule of compensation may be made to apply with fairness under like working conditions.

Ellis first says that PennDOT failed to make a prima facie case establishing a lack of work as justification for his furlough. We disagree. PennDOT's witnesses, including Deputy Secretary for Highway

Administration, David C. Sims, testified that the questioned furloughs, including the appellant's, were made after a careful Statewide evaluation of current projects in the several Highway Districts, a consideration of the number and classes of personnel necessary to carry out those projects and the actual number of personnel then employed. This evaluation convinced the competent officers of PennDOT that Highway District 5-0 was overstaffed with employes of the classification Designer II.

Ellis next says that PennDOT improperly determined that he was within the "lowest quarter" of all Designer II employes, and therefore within a category first subject to furlough pursuant to Section 802 of the Civil Service Act. In *Department of Transportation v. State Civil Service Commission*, 10 Pa. Commonwealth Ct. 310, 316, 309 A.2d 445, 448 (1973), we held that after it is decided that furloughs are to be made:

> [T]he proper procedure [under Section 802] is first to determine the number of employes to be furloughed. If this number exceeds the number in the entire lowest quarter, the persons to be furloughed in addition to those in the fourth quarter are to be ascertained by a redivision of the remaining employes into new quarters by a new computation, and if the number still to be furloughed are less than the newly created fourth quarter, those to go should be determined on the basis of seniority.

In the instant case, PennDOT determined that three of the eight Designer IIs in Highway District 5-0 should be furloughed. The first "lowest quarter" of this class would be the two lowest, most recent regular service rating. PennDOT introduced an Exhibit presenting information pertinent to furlough of Designer II employes of District 5-0:

| | Service Rating Score | Total Class Seniority | | |
|---|---|---|---|---|
| Weikert, Richard E. | 20.4 | | | |
| Repsher, Donald C. | 19.3 | | | |
| Edleman, Richard C. | 19.3 | | | |
| Creveling, Ralph M. | 17.1 | | | |
| Homa, Joseph | 16.4 | 11 yrs. | 11 mos. | 1 day |
| Ellis, Lawrence R. | 15.5 | 9 yrs. | 4 mos. | 6 days |
| Winkler, George A. | 15.5 | 12 yrs. | 3 mos. | 4 days |
| Miller, Carl G. | 15.1 | 2 yrs. | 5 mos. | 6 days |

Ellis says that PennDOT wrongly determined the lowest quarter; he does not and cannot say that there is any method of determining the lowest quarter which would save him from being one of the three to be furloughed of the eight Designer IIs in Highway District 5-0. One employe, Miller, had a lower service rating. Ellis shared the second from the lowest rating with Winkler. Three being scheduled for furlough, Miller, Ellis and Winkler, would have to comprise the three. Indeed, if two were to be furloughed Ellis would go and Winkler would stay because of the latter's greater seniority credits. Ellis was therefore properly determined to be one of the three employes to be furloughed.

Ellis next contends that the Commission erred in refusing to admit evidence attacking the service ratings given him by PennDOT. The Commission held that the statute of limitations barred a challenge of the service rating. Ellis contends that there is no provision in the Civil Service Act for appeals of service ratings so that he should be able to raise this question by a timely appeal of a furlough action. The Civil Service Act does not support the applicant's position. Section 905.1 of the Act, 71 P.S. §741.905(a), provides that:

> No officer or employe of the Commonwealth shall discriminate against any person in

recruitment, examination, appointment, training, promotion, retention *or any other personnel action* with respect to the classified service because of political or religious opinions or affiliations because of labor union affilations or because of race, national origin or other nonmerit factors. (Emphasis added.)

Section 951(b) of the Act, 71 P.S. §741.951(b), states, in pertinent part, that:

(b) Any person who is aggrieved by an alleged violation of section 905.1 of this act may appeal in writing to the Commission within twenty calendar days of the alleged violation.

. . .

Regulations promulgated by the Commission, found at 4 Pa. Code §105.2(a)(14), clearly include the issuance of service ratings among the *personnel actions* subject to appeal under Section 951(b).

The twenty day limitation of Section 951 is mandatory. *Marks v. Civil Service Commission*, 7 Pa. Commonwealth Ct. 414, 299 A.2d 691 (1973). The Commission properly concluded that Ellis, having failed to appeal his rating, might not challenge the rating in the appeal from his furlough.

Ellis also says that he was denied due process because the Commission consolidated the hearing on his appeal with the appeals of four other furloughed PennDOT employes. Due process requires that a hearing be conducted in a fair and impartial manner. *Begis v. Industrial Board of Department of Labor and Industry*, 9 Pa. Commonwealth Ct. 558, 308 A.2d 643 (1973). There is no evidence of unfairness or partiality in the hearing afforded Ellis. He was vigorously represented by counsel and was afforded adequate opportunity to produce evidence on his behalf and to cross-examine all PennDOT witnesses. The Commission, by its own regulations, is empowered to

360

conduct hearings in a fashion that does not violate justice and due process. 4 Pa. Code, §105.15(b).

Accordingly, we enter the following

### ORDER

AND Now, this 24th day of January, 1978, it is ordered that Lawrence R. Ellis's Petition for Review be and it is hereby dismissed and that the order of the State Civil Service Commission be and it is hereby affirmed.