Robert S. Stewart, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued November 13, 1979, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*James L. Walsh,* for appellant.

*Robert E. Kelly,* Deputy Attorney General, with him *Norman J. Watkins,* Chief, Civil Litigation, and *Edward G. Biester, Jr.,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., December 17, 1979:

Petitioner brings an appeal from the order of the State Civil Service Commission, dated October 20,

1978, sustaining petitioner's reassignment within the Department of Public Welfare (Department), the appointing authority in this case. We affirm.

On November 10, 1977 the then Secretary of Public Welfare informed petitioner that he was relieved of his duties as the Director of the Bureau of Claims Settlement within the Department and would be reassigned to a new position. The following workday, November 14, 1977, the then Deputy Secretary for Family Assistance wrote a memorandum to the Commissioner of the Office of Income Maintenance stating that petitioner had been assigned to the Commissioner's Office to work on certain aspects of the Child Support Program and that a new Acting Director for the Bureau of Claims Settlement had been named, both changes effective immediately. No change in petitioner's classification or compensation level was made. No later than mid-December of 1977 petitioner received a copy of the November 14 memorandum.

Petitioner lodged an appeal from his reassignment to the Office of Income Maintenance with the State Civil Service Commission (Commission) on January 31, 1978. His appeal was taken under Sections 951(a) and (b) of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended,* added by the Act of August 27, 1963, P.L. 1257, 71 P.S. §741.951(a), (b). A hearing was held on March 15, 1978 before the Commission. Since the personnel action taken here did not fall within the categories set out in Section 951(a), only the appeal under Section 951(b), alleging that the reassignment of petitioner was a discriminatory act in violation of Section 905.1 of the Act, 71 P.S. §741.905a, was considered. The Commission utimately dismissed petitioner's appeal and sustained petitioner's reassignment to the Office of Income Maintenance, holding that petitioner's appeal was not timely filed and that the appointing authority did not violate

Section 905.1 by discriminating or using non-merit factors against petitioner.

Section 951(b) of the Act provides that an appeal alleging a violation of Section 905.1 is to be taken within 20 days of the alleged violation. The record is clear that petitioner knew he had been relieved of his director's position long before January 1978. Even if petitioner did not receive his copy of the November 14, 1977 memorandum until mid-December, such a time is more than 20 days from January 31, 1978. Since the Commission correctly concluded as a matter of law that petitioner's appeal in this case was untimely, we need not reach its discussion on the merits.

Accordingly, we will enter the following.

## ORDER

AND Now, December 17, 1979, the order of the State Civil Service Commission, in Appeal No. 2397, dated October 20, 1978, dismissing the appeal of Robert S. Stewart and sustaining the reassignment of Robert S. Stewart to the Office of Income Maintenance, is affirmed.