James M. McGuckin, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Office of Administration, Respondent.

Argued February 5, 1981, before Judges BLATT, WILLIAMS, JR. and MacPHAIL, sitting as a panel of three.

*Ralph B. Pinskey,* for petitioner.

*Debra K. Wallet,* Assistant Attorney General, with her *John D. Raup,* Assistant Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., May 4, 1981:

Petitioner, James M. McGuckin, appeals from an order of the State Civil Service Commission. That order declined to grant the petitioner a hearing on his allegations that an action taken over ten years ago by the Executive Board of the Pennsylvania Liquor Control Board was a ''demotion'' and a ''personnel action'' which discriminated against him.

McGuckin appealed to the Commission on November 8, 1979 complaining of events that occurred in October of 1969. In October of 1969, the Executive Board modified the salary ranges of several positions, including that of the Director, State Stores Auditing Program, from pay range 38 to pay range 40. The Board also modified the salary range of the Field Auditor V position, from pay range 37 to pay range 40.

At some point prior to October, 1969, petitioner had been promoted from the Auditor V position to the position of Director, State Stores Auditing Program. He contends that as a result of the 1969 modification, the two positions occupied and continue to occupy the same pay range, which has the effect of "taking away" his promotion. He further contends that because the pay range modification increased the pay range for the Director by two pay grades but only increased by three grades the pay range for the Auditor V position, petitioner has suffered the loss of rank or status. The State Civil Service Commission determined, however, that it lacked jurisdiction to hear the appeal. We agree.

Section 951 of the Civil Service Act[1] grants authority to the Commission to hold hearings on appeals to the Commission filed within *twenty calendar days* of the alleged violation. The law is clear that the twenty-day limitation prescribed by the Civil Service Act for an appeal to the Civil Service Commission is mandatory and must be strictly enforced. *Marks v. Civil Service Commission,* 7 Pa. Commonwealth Ct. 414, 299 A.2d 691 (1973); *Ellis v. Pennsylvania Department of Transportation,* 33 Pa. Commonwealth Ct. 354, 381 A.2d 1325 (1978).

The instant petitioner's appeal to the Commission was taken more than 10 years from the date of the events complained of and is clearly untimely. *Stewart v. Pennsylvania Department of Public Welfare,* 48 Pa. Commonwealth Ct. 44, 408 A.2d 1188 (1979).

We, therefore, affirm the order of the Commission in its dismissal of the petitioner's appeal for want of jurisdiction.

---

[1] Act of August 5, 1941, P.L. 752, *as amended,* added by Section 27 of the Act of August 27, 1963, P.L. 1257, *as amended,* 71 P.S. §741.951.

### ORDER

AND Now, the 4th day of May, 1981, the order of the State Civil Service Commission entered January 4, 1980 in Appeal No. 2942 is affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.