Woodville State Hospital, Department of Public Welfare, Petitioner *v.* Robert B. Ault, Respondent.

Argued September 15, 1982, before President Judge CRUMLISH, JR. and Judges BLATT and DOYLE, sitting as a panel of three.

*Stanley Slipakoff*, Assistant Counsel, Chief of Litigation, for petitioner.

*Gary M. Davis, Davis & Abramovitz*, for respondent.

OPINION BY JUDGE BLATT, November 22, 1982:

Woodville State Hospital (Woodville) and the Department of Public Welfare appeal here an order of the Civil Service Commission (Commission) which reinstated Robert Ault (Ault) and awarded backpay because he was found to have been improperly furloughed.

Ault, classified as a Personnel Analyst II, was furloughed due to a reduction of staff ordered by the

Secretary of Budget and Administration. Woodville had two individuals employed under that title at the time, and the decision as to which employee should be furloughed was based on a mathematical formula applied to each employee's last valid performance evaluation report (PER). 4 Pa. Code §99.12(b). Ault's supervisor, the person charged with the duty of applying the formula, used Ault's October 30, 1979 PER, which Ault had previously appealed internally as being unfair, discriminatory, and based upon factors other than the performance of his job. Ault had refused to sign this PER as did the reviewing officer, and Ault challenged its use before the Commission. The Commission found it to be discriminatory and ordered appropriate relief. Woodville has appealed this adjudication.

Our scope of review of Civil Service Commission adjudications is limited to a determination of whether or not the appellant's constitutional rights have been violated, an error of law has been committed, or a necessary finding of fact was unsupported by substantial evidence. *Bureau of Employment Security v. Schreider*, 24 Pa. Commonwealth Ct. 297, 355 A.2d 838 (1976).

The Commission, after first determining that Ault's October 1979 PER was discriminatory, turned to his next previous PER of March 19, 1979 for guidance and found it also to be defective. Woodville argues that the Commission should not have reviewed the March PER because it was not appealed within the 20 day limitation of Section 951(a) of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended*, added by Section 27 of the Act of August 27, 1963, P.L. 1257, 71 P.S. §741.951, and it cites *Ellis v. Department of Transportation*, 33 Pa. Commonwealth Ct. 354, 381 A.2d 1325 (1978) for the proposition that the 20 day limitation is mandatory and that

an employee who fails to appeal a service rating cannot challenge this rating during an appeal from a furlough. We have no doubt as to the validity of *Ellis* and of the rules it cites, but the facts of this case make *Ellis* distinguishable. Here, Ault has taken the proper steps to appeal the October PER, and he is not using these proceedings to attack collaterally an action of the appointing authority whose appeal time had long since past, as was the situation in *Ellis*. The 20 day limitation on appeal has clearly passed as to the March PER, but the Commission, in attempting to find the last *valid* PER, of necessity had to look to the one issued in March. Then, after reviewing that PER, the Commission found that it contained the same type of non-merit considerations as did the one issued in October. As Ault argues in his brief, it is accepted practice in cases of this kind for the employee to present evidence of past discriminatory actions. Indeed, it is his burden. *Sienkiewicz v. Department of Public Welfare*, 53 Pa. Commonwealth Ct. 445, 417 A.2d 874 (1980). The 20 day limitation, therefore, is clearly inapplicable here, and the Commission was acting properly and within its power as factfinder on the issue of discrimination.

Woodville further argues that the relief fashioned by the Commission in this case was improper. The Commission had ordered the usual remedies of reinstatement and backpay expressly authorized by Section 951(a) of the Act, 71 P.S. §741.951(a), *Losieniecki v. Pennsylvania Board of Probation and Parole*, 39 Pa. Commonwealth Ct. 194, 395 A.2d 304 (1978), and it had also directed that Ault's performance be rated again no sooner than six months following his return to duty. The General Assembly has given the Commission broad equitable powers and has provided that "the Commission shall make such order as it deems appropriate to assure the [aggrieved] person such

rights as are accorded him by this act." Section 951(b) of the Act, 71 P.S. §741.951(b). The Commission, we believe, was well within its remedial powers in fashioning this relief.

For all of the foregoing reasons, we will, therefore, affirm the order of the Commission.

### ORDER

AND Now, this 22nd day of November, 1982, the order of the Civil Service Commission in the above-captioned matter is hereby affirmed.