Manfred R. Hauptmann, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued September 14, 1983, before Judges ROGERS, MACPHAIL and BARRY, sitting as a panel of three.

*Dona S. Kahn, Harris and Kahn,* for petitioner.

*Michael J. McCaney, Jr.,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, October 18, 1983:

Manfred R. Hauptmann (Petitioner) appeals from the July 12, 1982 Supplemental Adjudication and Order of the Civil Service Commission (Commission) which dismissed Petitioner's appeal from his demotion in lieu of furlough by the Department of Transportation (DOT), effective July 3, 1978. The order now on appeal affirms the Commission's previous determination that Petitioner failed to appeal his Performance Evaluation Report (PER) within twenty days. As a consequence, Petitioner's appeal from his demotion, which was based upon that PER, was dismissed.

In its consideration of Petitioner's appeal, the Commission initially refused to hear evidence regarding Petitioner's PER of September 27, 1977, which evaluated Petitioner's performance from the period November of 1976 to November of 1977, because of Petitioner's failure to timely appeal the PER. An appeal to this Court from that order resulted in a remand to the Commission for the purpose of hearing evidence on the matter of whether Petitioner had timely appealed the PER or whether DOT was estopped from denying the timeliness of Petitioner's appeal regardless of the twenty day limit.[1] On remand, the Commission found that the Petitioner failed to timely appeal the September 1977 PER and that DOT was not estopped from invoking the twenty day appeal period. The Commission additionally found that even had Petitioner appealed the PER in a timely manner,

---

[1] *Hauptmann v. Department of Transportation,* 59 Pa. Commonwealth Ct. 277, 429 A.2d 1207 (1981), hereinafter *Hauptmann I.*

the reviewing officer, would not have approved a rating higher than that actually received by the Petitioner.

The relevant facts are set forth in *Hauptmann I.* Petitioner had been employed by D.O.T. since 1962. In 1977, he worked as a Transportation Construction Manager I. The record at the remand hearing shows that at the time of Petitioner's PER now at issue, DOT was in the process of revising the standards for performance ratings for persons working in Petitioner's position.[2] The difficulty which is pertinent to this appeal concerns the maximum rating score which Petitioner's evaluator, Frederick Ateto, was permitted to assign to Petitioner. Mr. Ateto testified that no one seemed to be certain of the maximum allowable rating for Petitioner and in order to meet time deadlines imposed upon him for the submission of PER's, Mr. Ateto rated Petitioner with a score of 18.0 and told Petitioner that the score would be adjusted upward if the maximum allowable was higher than that figure. The PER with the 18.0 score was also signed by the reviewing officer, a Mr. Charles Connor, and the form was then processed.

Approximately one week later, Petitioner learned from Mr. Ateto that the maximum allowable rating for his position was 18.4.[3] At the time that information was communicated by Mr. Ateto, he testified that he told Petitioner "in my capacity, that's the end of the show. I can't do anything right now". Both the Petitioner and Mr. Ateto testified that they were unaware of the twenty day limit for appeals of a PER.[4]

---

[2] DOT's PER forms are somewhat of a puzzle. *See Hauptmann I*, 59 Pa. Commonwealth Ct. at 279-80 n. 2, 429 A.2d at 1208 n. 2.

[3] If Petitioner had received a rating of 18.4 on his PER he would not have been demoted.

[4] In *Ellis v. Department of Transportation*, 33 Pa. Commonwealth Ct. 354, 381 A.2d 1325 (1978) this Court held that a twenty

Petitioner next became concerned about the September 1977 PER in February 1978, when he was notified that he would be demoted to a Transportation Construction Inspector II because of a reduction in force within DOT. Petitioner thereupon consulted various supervisors and a DOT personnel officer and was told, in February 1978, that he could not appeal from his PER until he was injured by being demoted or furloughed. The demotion which was scheduled to be effective March 2, 1978, however, was rescinded. In June of 1978, Petitioner was again notified that he would be demoted, effective July 3, 1978. This demotion became effective and Petitioner's timely appeal of the demotion forms the basis of the present litigation.

Petitioner admits that he did not file an appeal from his PER within twenty days of September 27, but he argues that since he was unaware of the twenty day limitation and since his supervisors and DOT personnel officer misled him, it was error for the Commission to hold that DOT was not estopped from invoking the bar of the twenty day appeal period.

The Commission's crucial finding in its Supplemental Adjudication is:

> The appointing authority did not conceal any material fact nor did they mislead appellant concerning his appeal rights to this Commission so as to excuse appellant's failure to appeal his PER until June, 1978.

The Petitioner's argument that this was error is fatally flawed because all but one of the statements he relies upon were made to him by DOT personnel in

---

day limit on appeals from PER's is both statutory and by regulation. *See* Sections 905.1 and 951(b) of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.905(a) and §741.951 (b) and 4 Pa. Code §105.2(a)(14).

February of 1978. Obviously, such statements could not have misled him during the twenty day period following the PER. We agree, furthermore, with the Commission's appraisal of Mr. Ateto's statement to Petitioner as being nothing more than a statement of what *he,* Mr. Ateto, could not do. This Court has previously held that the twenty day limit for appeals of a PER runs from the date of issuance of the PER rather than the date of any subsequent use of the PER in furlough computations. *Ellis.* After our careful review of the record we are unable to say that the Commission erred in fact or law when it made its critical finding.

This Court has held that a person must have been induced to relax his vigilance by some affirmative fraud, deception or concealment of fact before he may invoke the doctrine of estoppel to extend a mandatory time limit. *Nyo v. Pennsylvania Labor Relations Board,* 53 Pa. Commonwealth Ct. 646, 419 A.2d 244 (1980). We find no evidence of fraud, deception or concealment within the relevant time frame in the instant case. Moreover, the Civil Service Act does not require instructions to an employee concerning the right to appeal from a PER. *Marks v. Civil Service Commission,* 7 Pa. Commonwealth Ct. 414, 299 A.2d 691 (1973).[5]

Finally, there is substantial evidence in the record to support the Commission's finding that the rating actually received by Petitioner was the highest that the reviewing officer would have approved even though a higher maximum was permitted.

Order affirmed.

---

[5] Although a DOT supervisor testified that there was a notice printed on the copy of the PER form given to an employee regarding the twenty day appeal period, no such notice appears on the form given to the Petitioner.

## ORDER

The order of the State Civil Service Commission dated July 12, 1982, is affirmed.