James W. Herman, Petitioner *v.* Commonwealth of Pennsylvania, Department of General Services, Respondent.

Argued November 17, 1983, before Judges ROGERS, MACPHAIL and BARRY, sitting as a panel of three.

*P. Richard Wagner, Mancke, Lightman & Wagner,* for petitioner.

*Russel H. Albert,* Assistant Counsel, with him, *Anthony P. Krzywicki,* Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, April 24, 1984:

Petitioner, James W. Herman, Jr., seeks review of an adjudication by the Civil Service Commission (Commission) which sustained an action of the Department of General Services (General Services) which demoted him from his position as Police Officer I, regular status, of the Capitol Police Force to a Security Officer in the Bureau of Police Safety.

Petitioner became a member of the Capitol Police Force in January of 1973. By a letter dated August 4, 1982, General Services demoted the petitioner from Police Officer I, regular status, effective August 6, 1982, because of a psychological evaluation which indicated that he should not be armed with a lethal weapon, and was not capable of handling potentially stressful situations.

Prior to his demotion, on November 28, 1981, Harrisburg Hospital admitted the petitioner following an attempted suicide. Consequently, General Services relieved the petitioner of his weapon for a period of six months pending observation and further evaluation. General Services directed the petitioner to undergo a psychological evaluation in order to ascertain petitioner's competence to carry a lethal weapon. During the time from which petitioner returned to work until his demotion, deterioration in petitioner's performance, previously noted by his supervisors, continued and resulted in a written reprimand for excessive use of unscheduled leave.

640

Two professional opinions were elicited concerning a psychological evaluation of the petitioner. Dr. Paul F. Phillips, a psychiatrist, testified that, when he examined petitioner, it was his professional belief that the petitioner should not be armed with a lethal weapon. Dr. Phillips based his assessment on petitioner's self-destructive and violent tendencies.

Dr. Jeffrey A. Cohen, a psychologist, who testified on behalf of the petitioner, stated that the stress which precipitated the petitioner's attempted suicide in November, 1981, was attributable to marital difficulties. Dr. Cohen further testified that, since then, the petitioner has resolved his marital situation which lessened the prior stress. Dr. Cohen testified, moreover, that after he had conducted stress tests and evaluations about the use of lethal weapons, the petitioner had passed the lethal weapons examination and showed a safe reading concerning stress or tension.

Following a recommendation by Dr. Phillips, the Commission decided to place petitioner in a less stressful position and offered him a choice between a demotion to a Security Officer I, civil service status, or Custodial Worker I, non-civil service status. When petitioner elected neither alternative, the Commission involuntarily demoted him to a position of Security Officer I in the Bureau of Police and Safety. The Commission did so based on Dr. Phillips' psychological evaluation of the petitioner.

It is the duty of this Court to determine whether constitutional rights were violated, an error of law was committed, or necessary factual findings were unsupported by substantial evidence. *Woodville State Hospital v. Ault,* 70 Pa. Commonwealth Ct. 112, 452 A.2d 617 (1982); *Laws v. Philadelphia County Board of Assistance,* 50 Pa. Commonwealth Ct. 340, 412 A.2d 1377 (1980). The petitioner argues that the

findings by the Civil Service Commission are not supported by substantial evidence. Petitioner contends that no other evidence, except that of a psychological evaluation, is properly presented to determine whether the appointing authority had satisfied its burden of proof. The psychological evaluation offered by Dr. Phillips indicated that the petitioner should not be armed with a lethal weapon because he is not capable of handling potential stressful situations associated with Police Officer I duties.

Under Section 706 of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.706,

> [a]n appointing authority may demote to a vacant lower rated position in the same class any employe in the classified service who does not satisfactorily perform the duties of the position to which he was appointed or promoted and who is able to perform the duties of the lower position. In case of such demotion the employe shall have all rights of appeal as provided in this act. No employe shall be demoted because of his race, religion or political, partisan or labor union affiliation.

Accordingly, certain job-related factors must indicate unsatisfactory job performance by the petitioner to justify his demotion.

Dr. Phillips' testimony, although contradicted by that of Dr. Cohen testifying for the claimant, indicates that petitioner's general conduct and behavior impaired the petitioner's ability to function as a Police Officer I.

It is well within the province of the Commission to determine the credibility of witnesses and the value of their testimony. *Gallagher v. Philadelphia Civil Service Commission*, 16 Pa. Commonwealth Ct. 279,

330 A.2d 287 (1974); *Mettee v. Civil Service Commission*, 6 Pa. Commonwealth Ct. 82, 293 A.2d 147 (1972). The Commission chose to believe the testimony offered by Dr. Phillips which indicated that petitioner possessed self-destructive and violent tendencies which interfered with his job performance. Since the evidence is sufficient to support the Commission's findings, we, therefore, cannot conclude that the Commission acted arbitrarily or abused its discretion.

In accordance with the Commission's findings and conclusions, we affirm its decision.

ORDER

AND Now, April 24, 1984, the adjudication of the Civil Service Commission dated March 2, 1983, Appeal No. 4129, is hereby affirmed.