In Re: Condemnation by the Commonwealth of Pennsylvania, Department of Transportation, of Right of Way for Legislative Route 1012, Section A03, A Limited Access Highway in Sterling Township, Wayne County. Charles J. Sepko, Appellant.

Argued June 7, 1984, before Judges MacPhail, Colins and Palladino, sitting as a panel of three.

, *Peter J. Comerota,* with him, *Harry Smith,* for appellant.

*John T. Clary, Jr.,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

Opinion by Judge MacPhail, August 3, 1984:

Charles J. Sepko (Appellant) appeals a Wayne County Court of Common Pleas order sustaining the preliminary objections of the Pennsylvania Department of Transportation (DOT) to a petition for the

appointment of viewers in a condemnation hearing. We affirm.

Appellant owned certain property which was condemned under the Pennsylvania Eminent Domain Code[1] for construction of Interstate Route 84. In July, 1972 Appellant received estimated just compensation of $13,000. Appellant filed a request for the appointment of viewers on February 3, 1983. DOT filed preliminary objections alleging that Appellant's petition for viewers was barred by the statute of limitations. In his answer to DOT's preliminary objections, Appellant asserted that DOT was equitably estopped from claiming that the statute of limitations barred his request.

The common pleas court granted DOT's preliminary objections because a six-year limitation[2] barred Appellant's petition for appointment of viewers effective on or about August 7, 1978, and held that DOT was not equitably estopped from invoking this six-year limitation. The only issue before us is whether the common pleas court abused its discretion or committed an error of law[3] when it did not apply the doctrine of estoppel to extend the statute of limitations.

Appellant asserts that in 1974 he was contacted by a negotiator for DOT. Appellant was ill at the time and had his niece inform the negotiator that Appel-

---

[1] Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-101 *et seq.*

[2] 26 P.S. §1-524, repealed by Section 2(a) of the Act of April 28, 1978, P.L. 202. At the time Appellant petitioned for the appointment of viewers, a similar provision appeared in Section 5527(4) of the Judicial Code, 42 Pa. C. S. §5527(4). Subsequently, this section was amended and now appears as Section 5526(4) of the Judicial Code, 42 Pa. C. S. §5526(4) which provides a five year limitation.

[3] *Captline v. County of Allegheny,* 74 Pa. Commonwealth Ct. 85, 89, 459 A.2d 1298, 1300 (1983).

lant was without an attorney and that he wanted DOT to petition for the appointment of viewers because his compensation was indequate. Appellant now argues that since he never received a response regarding that request, he was justified in assuming that DOT had properly petitioned for the appointment of viewers. This fact, he says, caused him to relax his vigilance and delay institution of the present action beyond the statutory period.

Before the doctrine of estoppel may be invoked to extend the mandatory time limit in this case, Appellant must prove that he was induced to relax his vigilance by some affirmative fraud, deception or concealment of fact. *Hauptman v. Department of Transportation,* 77 Pa. Commonwealth Ct. 607, 611, 466 A.2d 302, 304 (1983). Appellant further must prove the fraud, deception or concealment of fact by clear, precise and convincing evidence; but the fraud need not be fraud in the strictest sense, that is, inclusive of an intent to deceive, but may be fraud in its broadest sense, that is, inclusive of an unintentional deception. *Walters v. Ditzler,* 424 Pa. 445, 449, 227 A.2d 833, 835 (1967).

In the instant case, we do not believe Appellant has met his burden. The evidentiary record consists solely of the deposition of Robert D. Hastings, an administrator for DOT. He testified that upon receiving the message from Appellant's niece, two written requests were submitted through his office in 1974 to DOT's chief counsel's office in Harrisburg requesting that viewers' proceedings be instituted. There was never any response to those requests. Mr. Hastings also stated that Appellant's responsibility to pursue his claim by filing a petition for the appointment of viewers was explained to him and that he was given DOT's right-of-way booklet which also

set forth that responsibility. None of this testimony was contradicted.

The record before us thus indicates, at most, that Appellant never received a response to his request for DOT to file a petition for the appointment of viewers. Appellant certainly could not have been deceived into thinking that a petition was filed or would be filed by virtue of the interoffice communication because there is no evidence in the record which indicates that Appellant was aware of that interoffice communication. In any event, it is apparent that Appellant never received any assurance whatsoever by DOT that a petition had been or would be filed by DOT.

Appellant also claims that DOT's right-of-way manual led him to believe that DOT had filed the petition. The manual, in a chapter entitled "Litigation Procedure", states that a claim has entered the litigation stage when either the claimant has petitioned for viewers or when DOT's district office requests that its staff attorney in Harrisburg file a petition for viewers. Assuming, *arguendo*, that these proceedings were in the litigation stage by virtue of what transpired between DOT's district office and its counsel, we fail to see how this proves fraud, deception or concealment on the part of DOT which would lull Appellant into inaction. As we have previously noted, there is no evidence which would show that Appellant was ever aware that the district office had made such a request; therefore, whether or not the proceedings were in the litigation stage is irrelevant to a determination of the issue now before us.

Appellant's illness may account for some delay on his part, but it is apparent that his niece was looking after his interest at some point in time prior to the

364

expiration of the applicable statute of limitations. There is no evidence indicating the extent of Appellant's illness, either as to its seriousness or its duration. Since neither the Appellant nor anyone on his behalf ever checked on the status of his case until more than ten years after the eminent domain proceeding had been commenced, the Appellant can not now claim fraud, deception or concealment of fact.

In light of the foregoing, we are compelled to conclude that the common pleas court did not abuse its discretion or commit an error of law when it refused to invoke equitable estoppel to extend the statute of limitations.

ORDER

The order of the Common Pleas Court of Wayne County, No. 8 June Term, 1972, dated June 8, 1983, is affirmed.