IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Julie L. Heintzelman,        :
      Petitioner      :
                          :
     v.             :    No. 997 C.D. 2024
                          :    Submitted: June 3, 2025
Department of Corrections (State  :
Civil Service Commission),     :
      Respondent    :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
            HONORABLE MICHAEL H. WOJCIK, Judge (P.)
            HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT          FILED:  July 22, 2025

Julie L. Heintzelman (Heintzelman), *pro se*, petitions for review of two orders of the State Civil Service Commission (Commission) that dismissed Heintzelman's appeal of her annual employee performance review as untimely and denied her motion for reconsideration.  We affirm.

## Background[1]

Heintzelman is employed by the Department of Corrections (Department) as a Corrections Counselor II at the State Correctional Institution (SCI) Dallas.  For the period from February 2023 to February 2024, Heintzelman received an overall "satisfactory" performance review.  Reproduced Record at 7 (R.R. __).[2]  However, the review included "needs improvement" in work habits and

---

[1] Because there has been no hearing, the factual background is based upon Heintzelman's Appeal Request Form that was filed with the Commission.

[2] The Reproduced Record does not comply with Pennsylvania Rule of Appellate Procedure 2173, which requires pages be separately numbered with Arabic figures followed by a small "a."  *See* Pa.R.A.P. 2173.  For convenience, we cite to each page as paginated by Heintzelman.

communication. R.R. 6. Specifically, the performance review stated that Heintzelman often arrived late to work and left early "with very little advance notice to her chain of command" and that her communications were untimely. *Id*. On February 15, 2024, Heintzelman met with Wayne Inniss (Inniss), her immediate supervisor, to discuss this performance review.

On February 29, 2024, at a meeting with Jasen Bohinski, the reviewing officer, Heintzelman stated that the performance standards had not been communicated to her, and no mid-year progress review of her performance had been done by Inniss, contrary to what was stated by Inniss in her performance review. Further, the performance review was internally inconsistent. Her "needs improvement" rating for communication was inconsistent with the commendable rating she received for the work results category, which also measures the timeliness of her communications. Finally, she was given no examples of untimely communications or leaving work early. Heintzelman told Bohinski that management objected to her work as shop union steward, which cannot be considered when rating her work performance.

On March 14, 2024, Heintzelman received a revised performance review. Her overall rating remained "satisfactory," but her rating on communications was changed from "needs improvement" to "satisfactory." R.R. 10. On the work habits category, Heintzelman's rating remained as "needs improvement." R.R. 11. Heintzelman disagreed with the revised performance review and submitted a rebuttal; she also requested that the rebuttal be included in her electronic official personnel folder. This was not done.

On May 2, 2024, Heintzelman filed an appeal, requesting the Commission to hold a hearing on her performance review. The appeal alleged that

2

Inniss falsified his evaluation of her job performance because of her work as a union official and that her rebuttal was not included in her personnel folder. For relief, she requested the Commission to order the removal of her performance review from her personnel folder and to direct the Department to "stop falsifying official documents[] and stop discriminatory practices towards union officials." R.R. 1.

On June 25, 2024,[3] the Commission dismissed Heintzelman's appeal as untimely. It explained that on March 14, 2024, Heintzelman received a revised performance review, and her appeal was postmarked May 2, 2024, which was beyond the 20-day time limit set forth in Section 105.12(a)(3) of the Rules of the Civil Service Commission, 4 Pa. Code §105.12(a)(3). It states:

> (a) Requests for hearings shall be:
>
> . . . .
>
> (3) Received or postmarked not more than 20 calendar days after the employee receives notice of the challenged personnel action. A person appealing discrimination under 71 Pa. C.S. §2704 (relating to prohibition of discrimination) shall appeal within 20 calendar days of the alleged discrimination.

4 Pa. Code §105.12(a)(3). Thus, the Commission dismissed her appeal.

Heintzelman then sought the Commission's reconsideration of its June 25, 2024, order. Heintzelman's motion acknowledged that she received the updated performance review on March 14, 2024, and did not appeal until May 2, 2024. However, the motion explained that under Management Directive 505.18 Amended (relating to the maintenance, access, and release of employee information),[4] her

---

[3] The Commission's order, although dated June 18, 2024, was not issued until June 25, 2024.

[4] The directive is available to the public on the Office of Administration's portal at: https://www.pa.gov/content/dam/copapwp-pagov/en/oa/documents/policies/md/500/505_18.pdf (last visited July 21, 2025). It states, in pertinent part:

rebuttal had to be placed in her personnel file. When that did not happen, she sent a request to have her rebuttal be placed in her personnel file by "COB [(close of business)]" of April 12, 2024. R.R. 20. When she did not receive a response to this email, Heintzelman then filed her appeal with the Commission. Heintzelman contended that her appeal of May 2, 2024, fell within 20 days of the April 12, 2024, request and, thus, was timely.

On July 9, 2024, the Commission denied her motion for reconsideration. Heintzelman then petitioned for this Court's review of the Commission's denial of her appeal and request for reconsideration.[5]

---

> h. **Type of Information Maintained.** The following types of employee information are permanent employee information and must be included in the [official personnel folder]. This is not an all-inclusive list of information appropriate for maintenance in [official personnel folders]. Questions regarding the appropriateness of maintaining other data should be referred to [Office of Administration], Office for Human Resources Management.
>
> > . . . .
> >
> > (6) Any form of official recognition given to an employee that relates to his or her duties and responsibilities with the commonwealth.
>
> . . . .
>
> i. The following types of employee information are temporary employee information and are to be purged from the [official personnel folder] in accordance with Section 7b. and Manual 505.4, Personnel Records Retention and Disposition Schedule:
>
> > (1) Written reprimand, written record of an oral reprimand, written record of a counseling session, or temporary restrictions.
> >
> > (2) Employee Performance Reviews completed more than three years ago.
> >
> > (3) Record of professional affiliations.
> >
> > (4) Outdated forms superseded by current information.

MANAGEMENT DIRECTIVE 505.18(5)(h)(6), (i) AMENDED.

[5] Heintzelman appealed the Commission's June 25, 2024, denial within 30 days as required by Pennsylvania Rule of Appellate Procedure 1521(a)(1), Pa.R.A.P. 1521(a)(1). Therefore, we will review both the Commission's denial of her appeal and its denial of reconsideration.

4

**Appeal**

On appeal, Heintzelman raises four issues.

I.  Did the [Commission] fail to consider all documentation submitted to them by [Heintzelman], and fail to apply such documentation to the Commonwealth of Pennsylvania Governor's Office Management Directives 540.7 Amended (Performance Management Program) and 505.18 Amended (Maintenance, Access, and Release of Employee Information), when it denied [Heintzelman's] request for reconsideration?

II.  Did the [Department] falsify official documents by entering fictious [sic] dates on [Heintzelman's] February 2023 to February 2024 Employee Performance Review (EPR)?

III.  Did the [Department] fail to abide by the Commonwealth of Pennsylvania Governor's Office Management Directives 540.7 Amended (Performance Management Program) and 505.18 Amended (Maintenance, Access, and Release of Employee Information) throughout the entirety of [Heintzelman's] February 2023 to February 2024 Employee Performance Review (EPR) process?

IV.  Did the [Department] discriminate towards [Heintzelman] on the basis of her Labor Union Affiliation?

Heintzelman Brief at 4. We address these issues seriately.

**Analysis**

In her first issue, Heintzelman argues that her appeal to the Commission was timely filed.[6] She explains that Management Directive 540.7 Amended[7] sets

---

[6] Our review of a Commission decision determines whether an error of law was committed, whether constitutional rights were violated or whether necessary findings of fact are supported by substantial evidence. *Aurand v. State Civil Service Commission (Department of Environmental Protection)*, 768 A.2d 353, 355 n.3 (Pa. Cmwlth. 2000).

[7] The directive is available to the public on the Office of Administration's portal at: https://www.pa.gov/content/dam/copapwp-pagov/en/oa/documents/policies/md/500/540_7.pdf (last visited July 21, 2025).

forth a process for challenging a performance review, and it requires exhaustion of the internal appeals process before an appeal can be filed with the Commission. She argues that it was impossible to exhaust the applicable administrative processes and also file an appeal within 20 days. The Commission responds that Management Directive 540.7 Amended does not create such an exception to the 20-day deadline in the regulation.

An adverse personnel action must be appealed to the Commission within 20 days of its occurrence. 71 Pa. C.S. §3003(7); 4 Pa. Code §105.12(a). An adverse personnel action includes a performance review. 4 Pa. Code §105.2(14).[8] Because Heintzelman received her revised performance review on March 14, 2024, she had until April 3, 2024, to file an appeal with the Commission. *See generally Ellis v. Department of Transportation*, 381 A.2d 1325 (Pa. Cmwlth. 1978) (an appeal of a performance rating must be filed within 20 days of its issuance). It is plain that Heintzelman's appeal of May 2, 2024, did not satisfy the deadline for challenging her performance review.

Likewise, she had 20 calendar days to request a hearing on her claims of discrimination. 71 Pa. C.S. §3003; 4 Pa. Code §105.12(a)(3). It is the date on which the person first learns of the circumstances giving rise to the discrimination claim that is controlling. *See Woodville State Hospital, Department of Public Welfare v. Ault*, 452 A.2d 617, 618 (Pa. Cmwlth. 1982). On her appeal request form, Heintzelman alleged that her performance review of February 15, 2024, was based

---

[8] It states:

    Written notice shall be required for:

    . . . .

    (14) Performance evaluation.

4 Pa. Code §105.2(14).

on her "role as a union official." R.R. 3. Then, on March 14, 2024, Bohinski informed Heintzelman that everything "that doesn't apply to your job" had been removed from her performance review. *Id*. Heintzelman learned of the circumstances giving rise to her discrimination claim as early as February 15, 2024, or at the latest by March 14, 2024. Therefore, Heintzelman's appeal of her alleged discrimination had to be filed within 20 days of March 14, 2024. Her appeal of May 2, 2024, was more than 20 days after learning of the circumstances giving rise to her discrimination claim and, thus, untimely.

Heintzelman's multiple requests to have her rebuttal to her performance review put into her personnel folder are irrelevant. It is the date that Heintzelman *first* learned of the discrimination, not the most recent date, that controls.

Further, there is no merit to Heintzelman's claim that Management Directive 540.7 Amended required her to exhaust her administrative remedies before filing an appeal with the Commission. Management Directive 540.7(7)(f) provides:

> **f.    Review and Appeal.**
>
> (1) If an employee is dissatisfied with a rating, the employee may discuss it with the reviewing officer. Meetings should occur within two weeks of the date of the request. The rater should coordinate with the reviewing officer to ensure the meeting with the employee occurs. A union covered employee is entitled to union representation at this meeting and all subsequent meetings regarding the evaluation. If disagreement exists between the rater and the reviewing officer, the appeal may be raised to the next level of authority. Both the rater and reviewing officer are to have relevant job information and documentation to support their positions.
>
> (2) Agencies may establish additional internal appeal procedures, including involvement of the agency [human resources] office or agency appeal committee, if established. If the agency's internal appeal process

7

includes the agency head, then the agency head's decision is the final step in the internal appeal process. *Classified service employees may appeal alleged discrimination to the* [*Commission*] *pursuant to Section 951(b) of the Civil Service Act.*[9]

(3) Employees are permitted to include comments on the [Employee Performance Review]. If comments exceed the space allotted on Form 363L, comments may be included on additional sheets of paper and attached to the [Employee Performance Review]. Rebuttals to finalized [Employee Performance Reviews] are to be processed in accordance with Management Directive 505.18, Maintenance, Access, and Release of Employee Information.

MANAGEMENT DIRECTIVE 540.7(7)(f) AMENDED. Nothing in the Management Directive requires exhaustion of in-house remedies before an appeal can be filed with the Commission. To the contrary, the Management Directive states that an employee may appeal alleged discrimination *directly* to the Commission. Further, nothing in the Management Directive prevents an employee simultaneously filing an appeal with the Commission while also pursuing any remedies offered by the appointing authority. Even so, these so-called in-house procedures lack any specificity.

---

[9] Act of August 5, 1941, P.L. 752, *as amended*, *formerly* 71 P.S. §§741.1-741.1005. Former Section 951(b) stated:

> (b) Any person who is aggrieved by an alleged violation of section 905.1 of this act[, *formerly* 71 P.S. §741.905a,] may appeal in writing to the commission within twenty calendar days of the alleged violation. Upon receipt of such notice of appeal, the commission shall promptly schedule and hold a public hearing.

*Formerly* 71 P.S. §741.951(b). The General Assembly repealed the Civil Service Act by the Act of June 28, 2018, P.L. 460, effective March 28, 2019. The subject matter of various provisions of the former Civil Service Act may be found in Title 71, Part III of the Pennsylvania Consolidated Statutes, relating to Civil Service Reform, 71 Pa. C.S. §§2101-3304.

It was Heintzelman's responsibility alone to preserve her appeal rights, and they are governed by 4 Pa. Code §105.12(a)(3). *See Fragale v. State Civil Service Commission* (Pa. Cmwlth., No. 433 C.D. 2023, filed July 29, 2024) (unreported)[10] (employee responsible for determining where and when to appeal). We reject Heintzelman's first argument on appeal.

In her second issue, Heintzelman argues that the Commission erred in denying her motion for reconsideration[11] because non-negligent circumstances authorized her to appeal *nunc pro tunc*. She explains that as of April 12, 2024, the Department had yet to include her rebuttal in her personnel folder when she demanded action by the close of business. She filed her appeal within 20 days of April 12, 2024. Citing *Roderick v. State Civil Service Commission*, 463 A.2d 1261 (Pa. Cmwlth. 1983), Heintzelman contends that this warrants her appeal being heard *nunc pro tunc*.

The Commission responds that Heintzelman's motion for reconsideration did not offer any extraordinary circumstances to allow her appeal to

---

[10] An unreported memorandum opinion of this Court may be cited for its "persuasive value, but not as a binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

[11] This Court's review of a denial of reconsideration is narrow. An agency's denial of reconsideration "will only be reversed for an abuse of discretion." *Reck v. State Civil Service Commission*, 992 A.2d 977, 979 (Pa. Cmwlth. 2010). An abuse of discretion

> occurs not merely when the [Commission] reaches a decision contrary to the decision that the appellate court would have reached[; r]ather, an abuse of discretion occurs "when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will."

*B.B. v. Department of Public Welfare*, 118 A.3d 482, 485 (Pa. Cmwlth. 2015) (quoting *Payne v. Workers' Compensation Appeal Board (Elwyn, Inc.)*, 928 A.2d 377, 379 (Pa. Cmwlth. 2007)).

be heard *nunc pro tunc*. Accordingly, the Commission did not err or abuse its discretion in denying Heintzelman's motion for reconsideration.

An appeal *nunc pro tunc* may be permitted "where a delay in filing the appeal is caused by extraordinary circumstances involving fraud[, a] breakdown in the administrative process, or non-negligent circumstances related to the [petitioner, her] counsel[,] or a third party. *Sofronski v. Civil Service Commission, City of Philadelphia*, 695 A.2d 921, 924 (Pa. Cmwlth. 1997). A petitioner seeking an appeal *nunc pro tunc* because of non-negligent circumstances related to the petitioner or her counsel must establish that she filed the appeal within a short time after learning of and having the opportunity to address the untimeliness, that only a short time elapsed between the appeal deadline and the filing of the appeal, and that the delay did not prejudice the respondent. *Id*. The exception for non-negligent circumstances is given a narrow application. In *Baum v. Commonwealth*, 949 A.2d 345, 348 (Pa. Cmwlth. 2008), this Court explained that

> the exception for allowance of an appeal *nunc pro tunc* in non-negligent circumstances is meant to apply only in unique and compelling cases in which the appellant has clearly established that she attempted to file an appeal, but unforeseeable and unavoidable events precluded her from actually doing so.

Non-negligent circumstances existed where the attorney's secretary failed to file the appeal because she was out of the office due to illness. *Bass v. Commonwealth*, 401 A.2d 1133, 1135 (Pa. 1979). Likewise, an appeal *nunc pro tunc* has been allowed where the petitioner was hospitalized with a life-threatening illness on the day the appeal deadline ran. *Cook v. Unemployment Compensation Board of Review*, 671 A.2d 1130, 1132 (Pa. 1996). The breakdown of a vehicle *en route* to filing the appeal constitutes non-negligent circumstances that will authorize a *nunc pro tunc* appeal.

10

*Perry v. Unemployment Compensation Board of Review*, 459 A.2d 1342, 1343 (Pa. Cmwlth. 1983).

Here, Heintzelman did not allege any extraordinary circumstances involving fraud or a breakdown in the administrative process or other non-negligent circumstances that led to her untimely appeal to the Commission. She chose to send multiple requests to the Department to have her rebuttal put into her personnel folder before filing her appeal to the Commission, but this was not a non-negligent choice.

Heintzelman argues that *Roderick*, 463 A.2d 1261, supports her argument for *nunc pro tunc* relief. In *Roderick,* the employee failed to report to work for five consecutive days without giving notice. Her employer, the Department of Labor and Industry, Office of Employment Security (OES), notified her by letter that her actions constituted a voluntary resignation. The regional director of OES told the employee to appeal in writing to the manager of the office where she was employed. Subsequently, the Department's Chief Counsel advised the employee's attorney that her appeal should have been filed with the Commission. Because the 20-day deadline had passed, the Chief Counsel also advised that the employee should request the Commission to hear her appeal *nunc pro tunc*. The employee filed an appeal with the Commission, which denied the employee's request to allow the appeal *nunc pro tunc*.

On appeal, this Court vacated the Commission's order and remanded the matter to the Commission to conduct a hearing because the employee "clearly alleged misdirection by the appointing authority with respect to her efforts to appeal her termination." *Roderick*, 463 A.2d at 1263. We explained:

> The OES ostensibly knew [the employee] was pursuing the wrong avenue of appeal . . . and chose not to divulge the error to her until after several contacts had been made by [the employee's] lawyer. This compounds the alleged transgression.

11

In light of this, . . . we find that [the employee] has made allegations that warrant a hearing and appropriate findings of fact and conclusions of law pertaining to the reasons for the untimely appeal and whether they justify the grant of an appeal nunc pro tunc.

*Id.* at 1264.

*Roderick* is distinguishable. Heintzelman does not claim that the Department gave her erroneous information on how to appeal her performance review. Simply, the Department's delay in placing her rebuttal in her personnel folder was irrelevant to her need to file an appeal in a timely manner.

For these reasons, the Commission did not err in determining that Heintzelman's appeal was untimely filed and did not abuse its discretion in denying Heintzelman's motion for reconsideration.[12]

**Conclusion**

In sum, Heintzelman failed to timely file her appeal challenging her performance review and claims of discrimination. Thus, the Commission did not err in dismissing Heintzelman's appeal and did not abuse its discretion in denying her motion for reconsideration. For these reasons, we affirm the Commission's orders.

MARY HANNAH LEAVITT, President Judge Emerita

---

[12] Because Heintzelman's appeal was untimely, we need not address her challenges to her performance review, *i.e.*, the Department included erroneous information in her performance review; the Department did not comply with Management Directives 540.7 Amended and 505.18 Amended; and the Department discriminated against Heintzelman on the basis of her labor union affiliation.

12

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Julie L. Heintzelman,
        Petitioner

      v.

Department of Corrections (State
Civil Service Commission),
        Respondent

:
:
:
:
:
:
:
:
:
:

No. 997 C.D. 2024

## **O R D E R**

AND NOW, this 22nd day of July, 2025, the orders of the State Civil Service Commission, dated June 25, 2024, and July 9, 2024, are AFFIRMED.

MARY HANNAH LEAVITT, President Judge Emerita